UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARIAN G.,

           Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. C22-1463-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION**

Plaintiff seeks review of the denial of her application for Supplemental Security Income. She contends the ALJ erroneously discounted her testimony and that an opinion from treating nurse Paulette Carter, ARNP, submitted to the Appeals Council undermines the ALJ's decision. Dkt. 10 at 1.[1]  For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

//

---

[1] Plaintiff's opening brief lists only these two assignments of error on the first page, as instructed by the Court's scheduling order (Dkt. 9 at 2), but adds an additional issue at the end of the brief. *See* Dkt. 10 at 18 (contending that the ALJ erred in failing to account for all limitations included in State agency opinions found persuasive).  The Commissioner argued that this issue was waived because it was not listed on the first page (Dkt. 12), and Plaintiff does not challenge that argument on reply. *See* Dkt. 14.  As indicated in the scheduling order, this order will address only those assignments of error listed on the first page of the opening brief.  Dkt. 9 at 2.

ORDER REVERSING THE COMMISSIONER'S DECISION - 1

## BACKGROUND

Plaintiff is currently 29 years old, has an 11th-grade education and additional culinary training, and has worked for one week in 2012 as a berry sorter. Tr. 184. In December 2018, she applied for benefits, alleging disability as of December 31, 2018. Tr. 167-76. Her application was denied initially and on reconsideration. Tr. 85-88, 93-95, 101. The ALJ conducted a hearing in May 2021 (Tr. 37-60), and subsequently found Plaintiff not disabled. Tr. 23-33. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-7.

## DISCUSSION

A. **Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony on the grounds that: (1) Plaintiff's normal cognitive testing undermines her allegations of disabling symptoms; (2) Plaintiff's treatment notes contain "mixed" observations, where she was sometimes described as presenting with severe symptoms, and sometimes described with less severe symptoms; (3) Plaintiff did not seek treatment until a few months before she applied for benefits, and did not comply with medical recommendations to reduce her marijuana use; and (4) Plaintiff made inconsistent statements about her sleep and her social isolation. Tr. 28-30. Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff contends the ALJ erroneously discounted her testimony. First, Plaintiff contends she did not allege cognitive limitations and thus the ALJ's identification of normal cognitive findings does not constitute a reason to discount her allegations. Dkt. 10 at 4-5. But in her agency paperwork, Plaintiff reported problems with focus, memory, understanding, and

following instructions. *See* Tr. 191, 196.  The ALJ referenced Plaintiff's allegations of focus and memory deficits in her paperwork when summarizing her allegations (Tr. 28 (citing Tr. 191)), and thus identified a conflict between Plaintiff's allegations and the objective evidence that undermines her allegations.  *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

This valid reason independently supports the ALJ's assessment of Plaintiff's testimony, even if, as Plaintiff argues, the ALJ's other reasons were invalid.  *See Carmickle*, 533 F.3d at 1162-63.  The Court thus declines to disturb the ALJ's assessment of Plaintiff's testimony at this time, but notes that because this case must be remanded on other grounds, the ALJ will have the opportunity to reconsider Plaintiff's allegations in light of an updated record.

**B.      Ms. Carter's Opinion**

Ms. Carter completed a form opinion describing Plaintiff's symptoms and limitations in October 2021, months after the ALJ's decision was entered, based on her experience treating Plaintiff for the previous two years.  *See* Tr. 8-14.  Plaintiff submitted Ms. Carter's opinion to the Appeals Council, which found it did not provide a basis for reversing the ALJ's decision.  Tr. 1-7.

"[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).  Plaintiff argues that because Ms. Carter's opinion is based on years of a treating relationship and describes Plaintiff to have many disabling limitations that were not explicitly considered by the ALJ, and

ORDER REVERSING THE COMMISSIONER'S DECISION - 3

because it undermines the State agency opinions that the ALJ credited in crafting the RFC assessment, Ms. Carter's opinion provides a basis for remand to allow the ALJ to consider it for the first time.

The Court agrees Ms. Carter's opinion undermines the support for the ALJ's decision. The only opinion evidence credited by the ALJ is the State agency opinions, which were rendered only a few months after Plaintiff began treatment and the consultants were therefore had a limited perspective. *See* Tr. 62-72, 74-84. Ms. Carter's opinion references her observations of Plaintiff over the course of two years of treatment, during the period after the State agency consultants' review, and Ms. Carter's opinion describes symptoms and limitations not referenced in the treatment notes the State agency consultants considered. *See* Tr. 8-14 (referencing, for example, Plaintiff's grooming/hygiene deficits, isolating/agoraphobic behaviors, repeated no-shows for appointments, constant panic attacks). The State agency consultants reviewed a few months of treatment notes and believed that Plaintiff was starting to see improvement (Tr. 67, 79-80), but Ms. Carter reported she did not observe any improvement in two years of treatment. *See* Tr. 12. Ms. Carter's conclusions indicate when the longitudinal record is considered in its entirety, the State agency opinions do not accurately describe the extent of Plaintiff's limitations; this undermines the ALJ's reliance on the State agency opinions in determining Plaintiff's RFC.

The Commissioner notes the ALJ cited many normal cognitive findings inconsistent with Ms. Carter's opinion that Plaintiff's cognitive functioning was "seriously limited" (Dkt. 12 at 7-8), but there are many other aspects of Ms. Carter's opinion the ALJ did not address in her decision, such as Plaintiff's grooming/hygiene deficits, repeated no-shows, and constant panic attacks. The ALJ, rather than the Court, should evaluate the persuasiveness of Ms. Carter's

ORDER REVERSING THE COMMISSIONER'S DECISION - 4

opinion in the first instance.  On remand, the ALJ should consider the persuasiveness of Ms. Carter's opinion in light of the updated record, and reconsider any other parts of the decision as necessary.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall consider Ms. Carter's opinion in light of the updated record, develop the record and redetermine RFC as needed and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 23rd day of March, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge